Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROCKY ZECCARDI, *on behalf of himself and those similarly situated,* <br><br>         Plaintiff, <br><br>    vs. <br><br> FEIN, SUCH, KAHN & SHEPARD, P.C.; LANCER INVESTMENTS, LLC; and JOHN DOES 1 to 10, <br><br>       Defendants. | **<u>CLASS ACTION COMPLAINT</u>** |

Plaintiff, Rocky Zeccardi, by way of Class Action Complaint against Defendants, Fein, Such, Kahn & Shepard, P.C. and Lancer Investments, LLC and John Does 1 to 10 states:

**I.    NATURE OF THE ACTION**

1.    This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.    As described more fully below, Defendants Fein, Such, Kahn & Shepard, P.C. and Lancer Investments, LLC violated the FDCPA against Plaintiff and other New Jersey consumers by attempting to collect consumer debts when Lancer Investments, LLC, operating in the State of New Jersey as a consumer lender or sales finance company, did not obtain a license to do so under the New Jersey Consumer Finance Licensing Act N.J. Stat. Ann. § 17:11C-3.

Therefore, Defendants violated by the FDCPA by attempting to collect amounts not permitted by law.

## II.    JURISDICTION AND VENUE

3.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.      Plaintiff Rocky Zeccardi ("Plaintiff" or "Zeccardi") is a natural person residing in Bergen County, New Jersey.

6.      Defendant Fein, Such, Kahn & Shepard, P.C., ("FSKS") is a collection attorney with a principal place of address located at 7 Century Drive, Suite 201, Parsippany, New Jersey 07054.

7.      Defendant Lancer Investments, LLC, ("Lancer") is a debt buyer filing suits and operating in the State of New Jersey.

8.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9.      In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A.  Background

10.    Defendants are not in the business of extending credit, selling goods or services to consumers.

11.    Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.    The principal purpose of Defendants is the collection of debts.

13.    When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14.    Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from First Card ("Debt" or "Account").

15.    The Debt arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, or household purposes.

16.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17.    Defendants contend that the Account was past-due and in default.

18.    FSKS is a collection law firm.

19.    Lancer is a debt buyer.

20.    The Account was assigned to Defendants for the purpose of collecting the Debt.

21.    The Account was past-due and in default when it was placed with, assigned to or purchased by Defendants for collection.

### B.  Unlawful Collection

22.    In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a letter enclosing a Notice of Application for Wage Execution to Plaintiff on or around January 13, 2017.

23.    Plaintiff received and reviewed the January 13, 2017 letter.

24.    The January 13, 2017 letter identifies Lancer Investments, LLC, as the client to whom the Debt is owed.

25.    Lancer is not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

26.    "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

27.    "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

28.    Lancer is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

29.    Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of [Lancer], who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19

30.    Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

31.    Furthermore, on February 4, 2003, Lancer filed a collection lawsuit against Plaintiff. The case is styled *Lancer Investments, LLC as assignee of First Card v. Rocco Zeccardi, Jr.*, MRS-DC-1229-03 (N.J. Super.).

32.    Plaintiff subsequently filed a Chapter 7 Bankruptcy on July 31, 2005; Case No.: 05-22258-RG (Bankr. D.N.J.), in which the First Card Account was listed.

33.    FSKS was also listed on the bankruptcy petition and notified of Plaintiff's bankruptcy.

34.    Plaintiff received a bankruptcy discharge on July 31, 2005.

35.    Upon receiving the January 13, 2017 letter enclosing the Notice of Application for Wage Execution, Plaintiff notified FSKS that this Debt was included in Plaintiff's bankruptcy.

36.    Nevertheless, Defendants sent another letter to Plaintiff on September 22, 2017, which included another Notice of Application for Wage Execution.

37.    Therefore, Defendants also attempted to collect a debt that is not owed since it was discharged.

38.    Plaintiff further notified Defendants by sending letters to FSKS on February 6, 2017, October 4, 2017, November 6, 2017, December 26, 2017 and January 10, 2018; all of which went unanswered.

---

(D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

39.     Despite all the actions Plaintiff took, Defendants never corrected their actions. They never withdrew their Notice of Application for Wage Execution.

## V.    CLASS ACTION ALLEGATIONS

40.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with addresses in the State of New Jersey against whom, beginning January 13, 2017 through and including the final resolution of this case, Lancer Investments, LLC, by itself or through a third-party, attempted to collect a consumer debt.

41.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

42.     The Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

43.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

> A.     Whether Defendants are a debt collector under the FDCPA;
>
> B.     Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);
>
> C.     Whether Plaintiff and the Class are entitled to damages.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action

will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

45.    The claims of the Plaintiff are typical of the claims of the members of the Class.

46.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

47.    Plaintiff does not have interests antagonistic to those of the Class.

48.    The Class, of which Plaintiff is a member, is readily identifiable.

49.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

50.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

51.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    VIOLATIONS OF THE FDCPA

52.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

54. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

55. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

56. Defendants are not a "creditor" as defined by 15 U.S.C. § 1692a(4).

57. The Defendants' letters are "communication" as defined by 15 U.S.C. § 1692a(2).

58. By attempting to collect consumer debts when Lancer was not licensed under the NJCFLA, Defendants violated the following provisions of the FDCPA:

> a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

> b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

> c. Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

> d. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

> e. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

> f. Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

59. By attempting to collect a consumer debt that was discharged in bankruptcy, Defendants violated the following provisions of the FDCPA:

> a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

b.     Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

c.     Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

d.     Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

e.     Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

f.     Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

60.    The violations of the FDCPA described herein constitute *per se* violations.

61.    Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rocky Zeccardi demands judgment against Defendants Fein, Such, Kahn & Shepard, P.C. and Lancer Investments, LLC as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

E.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.     For pre-judgment and post-judgment interest; and

G.      For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*

Dated: January 15, 2018            Yongmoon Kim
                                   *Attorneys for Plaintiff and the Proposed Class*